**FILED**

AUG 0 3 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 12 CR 328 |
| JAMES E. SIMON | Violation: Title 18, United States Code, Section 1343 |

**JUDGE LEE**

**MAGISTRATE JUDGE MASON**

### INFORMATION

The ACTING UNITED STATES ATTORNEY charges:

1. At times material to this information:

   a. Company A, located in Blue Island, Illinois, used Paychex, Inc. ("Paychex") to process and distribute payroll to its employees, which was issued weekly by Paychex either in the form of paper checks or as direct-deposit payments to financial institution accounts designated by Company A's employees. Payroll payments from Paychex to Company A's employees originated from a bank account maintained by Paychex at Wells Fargo in Minnesota.

   b. Defendant JAMES E. SIMON was employed at Company A as a staff account. Defendant's responsibilities as staff accountant included, among other duties, management of Company A's payroll. In this regard, it was defendant's responsibility to truthfully and accurately maintain the records of Company A relating to the compensation of its employees and to transmit that

information on a weekly basis to Paychex.

  c. After receiving payroll information and instructions from defendant JAMES E. SIMON on behalf of Company A, Paychex caused payroll disbursements to Company A's employees either by issuing checks to the employees or by funding direct-deposit payments to the employees. Paychex made direct-deposit payments to the employee-designated financial institutions through the FedWire electronic payments transfers system, which were electronically transferred through a FedWire Funds Service processing center located in New Jersey.

  2. Beginning no later than on or about November 5, 2010, and continuing through on or about April 24, 2012, at Blue Island, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES E. SIMON,

defendant herein, devised and intended to devise a scheme to defraud and to obtain money from Company A by means of false and fraudulent pretenses, representations, and promises, as described below.

  3. It was part of the scheme that defendant JAMES E. SIMON obtained approximately $972,670 from Company A by fraudulently causing Paychex to distribute payroll payments to defendant which exceeded his authorized pay, knowing that he was not entitled to receive the funds (the

"bogus payroll").

4. It was further part of the scheme that defendant JAMES E. SIMON fraudulently converted the bogus payroll to his own use.

5. It was further part of the scheme that JAMES E. SIMON caused Company A to pay approximately $39,153 in payroll taxes associated with the bogus payroll.

6. It was further part of the scheme that defendant JAMES E. SIMON knowingly transmitted false and fraudulent data relating to his compensation to PayChex intending to cause PayChex to distribute bogus payroll to defendant on behalf of Company A.

7. It was further part of the scheme that when transmitting payroll data to Paychex, defendant JAMES E. SIMON falsely and fraudulently represented to Paychex that the bogus payroll disbursements were authorized "vacation" or "miscellaneous" payments from Company A.

8. It was further part of the scheme that defendant JAMES E. SIMON established accounts at multiple financial institutions and received direct-deposit payments from Company A into these accounts. One of the accounts so designated by defendant was a Charter One Bank checking account in defendant's name bearing account number xxxxxx5691.

9. It was further part of the scheme that defendant JAMES E. SIMON

fraudulently caused Paychex to transmit bogus payroll to the financial institution accounts controlled by defendant, including the Charter One Bank checking account bearing account number xxxxxx5691.

10. It was further part of the scheme that defendant JAMES E. SIMON concealed some of the bogus payroll by falsely claiming in payroll information he provided to Paychex that payroll deductions or credits had been made in his name.

11. It was further part of the scheme that defendant JAMES E. SIMON fraudulently concealed the bogus payroll by altering Company A's financial records.

12. It was further part of the scheme that defendant JAMES E. SIMON concealed the bogus payroll by fraudulently attributing the additional vacation payments issued in his name to multiple different departments within Company A.

13. It was further part of the scheme that defendant JAMES E. SIMON concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

14. On or about March 16, 2012, at Blue Island, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES E. SIMON,

defendant herein, for the purpose executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, an interstate wire funds transfer of approximately $55,000.87 from Wells Fargo Bank, N.A., located in Minnesota, through the FedWire Funds Service system in New Jersey, to account number xxxxxx5691, held by RBS Citizens, N.A., doing business as Charter One, located in Illinois;

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

The UNITED STATES ATTORNEY further alleges:

1. The allegations contained in this information are realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violation of Title 18, United States Code, Section 1343, as alleged in the foregoing information,

### JAMES E. SIMON,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) include but are not limited to the following property:

    a. Funds in the amount of approximately $1,011,823.90.

    b. $30,354.27 seized from the Charter One Bank accounts bearing account numbers xxxxxx5691, xxxxxx7264, xxxxxx2943, and xxxxxx8034.

    c. $70,545 seized from Overstreet Builders.

       d.    $17,010.04 seized from Exploring Flooring.

       e.    $8,275.47 seized from Contractors Service & Supply.

4.    If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

       a.    Cannot be located upon the exercise of due diligence;

       b.    Has been transferred or sold to, or deposited with, a third party;

       c.    Has been placed beyond the jurisdiction of the Court;

       d.    Has been substantially diminished in value; or

       e.    Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                                                    Gary S. Shapiro by /s/
                                            ACTING UNITED STATES ATTORNEY