AO 245B      (Rev. 09/11) Judgment in a Criminal Case
        Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| **v.** | ) | |
| James E. Simon | ) | Case Number:  12-CR-328-1 |
| | ) | USM Number: 44625-424 |
| | ) | John L. Sullivan |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)      One of the information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 1343 | Wire Fraud | 4/24/2012 | One |
| | | | |

    The defendant is sentenced as provided in pages 2 through    8    of this judgment.  The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              ☐ is   ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/2/2013
Date of Imposition of Judgment

Signature of Judge

John Z. Lee    District Court Judge
Name and Title of Judge

*April 5, 2013*
Date

2013 APR -5 PM12: 31
CLERK
U.S. DISTRICT COURT

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT:  James E. Simon
CASE NUMBER:  12-CR-328-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

41 Months

☑   The court makes the following recommendations to the Bureau of Prisons:

The court recommends a facility close to the Chicago area.
The Court also recommends that the defendant participate in the Inmate Financial Responsibility Program during his period of incarceration.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B · (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: James E. Simon
CASE NUMBER: 12-CR-328-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Two years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B ` (Rev. 09/11) Judgment in a Criminal Case
      Sheet 3A — Supervised Release

| | | | |
|---|---|---|---|
| Judgment—Page | 4 | of | 8 |

DEFENDANT:  James E. Simon
CASE NUMBER:  12-CR-328-1

## ADDITIONAL SUPERVISED RELEASE TERMS

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, conducted by the U.S. Probation Office, not to exceed 104 tests per year.

The defendant shall cooperate with the collection of DNA sample at the direction of the probation officer.

The defendant shall not possess a firearm or destructive device.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

DEFENDANT:  James E. Simon
CASE NUMBER:  12-CR-328-1

## SPECIAL CONDITIONS OF SUPERVISION

If the defendant is unemployed after the first 60 days of supervised release, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of and in the discretion of the U.S. Probation Office until gainfully employed.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur new credit charges or open additional lines of credit without the permission of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall pay restitution in an amount that it at least ten percent of his net monthly earnings.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           ,Sheet 5 — Criminal Monetary Penalties

Judgment — Page    6    of    8

DEFENDANT:  James E. Simon
CASE NUMBER:  12-CR-328-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 717,678.29 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Robertson Worldwide | | $592,678.29 | |
| 13611 Thornton Road, Blue Island, IL  60406 | | | |
| Selective Insurance Company of America | | $125,000.00 | |
| Attn:  Linda Demeter, SCLA | | | |
| P.O. Box 763, Branchville, New Jersey  07836 | | | |
| | | | |
| | | | |

| **TOTALS** | $ 0.00 | $ 717,678.29 |
|---|---|---|

☑  Restitution amount ordered pursuant to plea agreement  $ 717,678.29

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑  the interest requirement is waived for the    ☐  fine   ☑  restitution.

☐  the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
         , Sheet 6 — Schedule of Payments

Judgment — Page    7    of    8

DEFENDANT:  James E. Simon
CASE NUMBER:  12-CR-328-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $  100.00  due immediately, balance due

☐  not later than _____ , or
☑  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in an amount that it at least ten percent of his net monthly earnings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached Final Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
       Sheet 6B — Schedule of Payments

DEFENDANT: James E. Simon
CASE NUMBER: 12-CR-328-1

## ADDITIONAL FORFEITED PROPERTY

1. $30,354.27 seized from the Charter One Bank accounts bearing account numbers xxxxxx5691, xxxxxx7264, xxxxxx2943, and xxxxxx8034.

2. $70,545 seized from Overstreet Builders

3. $17,010.04 seized from Exploring Flooring; and

4. $8,275.47 seized from Contractors Services Supply

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 12 CR 328
) Judge John Z. Lee
JAMES E. SIMON )

## FINAL ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)     On August 3, 2012, an information was filed charging defendant JAMES E. SIMON with a wire fraud violation pursuant to the provisions of 18 U.S.C. § 1343;

(b)     The information sought forfeiture to the United States of certain property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c)     On November 6, 2011, pursuant to Fed R. Crim. P. 11, defendant JAMES E. SIMON entered a voluntary plea of guilty to the information;

(d)     Pursuant to the terms of the plea agreement, as a result of his violation of 18 U.S.C. § 1343, defendant JAMES E. SIMON agreed that the property described below is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violation.  The property subject to forfeiture includes, but is not limited to:

1.     $30,354.27 seized from the Charter One Bank accounts bearing account numbers xxxxxx5691, xxxxxx7264, xxxxxx2943, and xxxxxx8034;

2.     $70,545 seized from Overstreet Builders;

3.      $17,010.04 seized from Exploring Flooring; and

4.      $8,275.47 seized from Contractors Service and Supply;

(e)      On January 28, 2013, this Court entered a preliminary order of forfeiture forfeiting

any interest defendant JAMES E. SIMON had in the foregoing funds and directing the United States

Marshal Service to seize and take custody of the property.  Further, the United States was ordered

to publish notice of the United States' intention to forfeit the foregoing funds and to dispose of the

property according to law;

(f)      Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. §

2461(c), beginning on February 2, 2013 and continuing for at least 30 consecutive days, notice of

the criminal forfeiture was posted on an official government internet site;

(g)      The Preliminary Order of Forfeiture was served pursuant to the district court's ECF

system as to ECF filers.  Pursuant to the provisions of 21 U.S.C. 853(n)(1), as incorporated by 28

U.S.C. § 2461(c), no other parties are known to have an interest in the aforementioned property, and

accordingly, no other parties were served with a copy of the notice of forfeiture and the preliminary

order of forfeiture;

(h)      To date, no petitions have been filed requesting a hearing to adjudicate any interest

in the property, and the time in which to do so, has expired.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.      That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c),

and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant JAMES E. SIMON and any third

party in the following property is hereby forfeit to the United States of America for disposition

according to law:

2

      (a)    $30,354.27 seized from the Charter One Bank accounts bearing account numbers xxxxxx5691, xxxxxx7264, xxxxxx2943, and xxxxxx8034;

      (b)    $70,545 seized from Overstreet Builders;

      (c)    $17,010.04 seized from Exploring Flooring; and

      (d)    $8,275.47 seized from Contractors Service and Supply.

2.      That, pursuant to the provisions of 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), the United States has clear title to the foregoing property and shall dispose of the property according to law;

3.      That, upon entry of the final order of forfeiture, matters relating to the restoration of forfeited property to the victim in this case will then be addressed by the Attorney General, pursuant to the provisions of 21 U.S.C. § 853(i)(1), as incorporated by 28 U.S.C. § 2461(c).  It is further ordered,

4.      That, any funds received in satisfaction of the defendant's forfeiture judgment shall be credited to reduce the restitution judgment entered by the Court according to law. It is further ordered,

5.      That, this Court shall retain jurisdiction over this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.


                                    JOHN Z. LEE
                               United States District Judge

DATED:  April 5, 2013